# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

SHARON WINGO, on behalf of herself and all others similarly situated,

                Plaintiff,

   v.

GEICO INDEMNITY COMPANY,

             Defendant.

**CASE No. 1:19-CV-144**

**CLASS ACTION COMPLAINT**
**<u>JURY TRIAL DEMANDED</u>**

1

## CLASS ACTION COMPLAINT

Plaintiff Sharon Wingo ("Plaintiff"), individually and on behalf of all others similarly situated, files this Class Action Complaint against GEICO Indemnity Company ("GEICO" or "Defendant"), and in support states:

## NATURE OF THE ACTION

1.     This is a class action lawsuit by Plaintiff, the named insured under a GEICO automobile policy issued for private passenger auto physical damage including comprehensive and collision coverage, which requires payment of "Actual Cash Value" or "ACV."

2.      Defendant is one of the largest private passenger auto insurance carriers operating in North Carolina. One of the coverages Defendant offers is comprehensive and collision coverage. Upon information and belief, Defendant systematically underpaid not just Plaintiff, but thousands of other putative class members, amounts Defendant owed its insureds for ACV losses for total loss vehicles insured with comprehensive and collision coverage.

3.     This lawsuit is brought by the Plaintiff individually and on behalf of all other similarly situated insureds who suffered damages due to Defendant's practice of refusing to pay full ACV payments or full total loss payments ("FTLP") to first-party total loss insureds on physical damage policies containing comprehensive and collision coverages.  Specifically, as a matter of policy, Defendant fails to include sales tax, state and local title transfer and vehicle registration fees ("Sales Tax, Vehicle Title, and Registration Fees") in its calculation of ACV when paying FTLP to its insureds.

4.     The failure to pay FTLP to first-party total losses owed to the insureds is a breach of the policy agreement and a clear breach of contract under North Carolina law.

2

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original jurisdiction because the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs, and at least one of the members of the proposed Classes is a citizen of a different state than Defendant.

6.      This Court has personal jurisdiction over Defendant because the Defendant regularly engages in business in North Carolina, and therefore have sufficient minimum contacts with North Carolina and/or intentionally avail themselves of the North Carolina market through the solicitation, promotion, marketing, and sale of insurance policies in North Carolina.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

## PARTIES

8.      At all times material hereto, Plaintiff was a citizen of the State of North Carolina and domiciled in Cleveland County, North Carolina, within this District.

9.      Defendant is a Maryland company headquartered in Chevy Chase, Maryland.

10.      At all times material hereto, Defendant is and was authorized to transact in the insurance business in the State of North Carolina and conducting a substantial part of its business in Cleveland County, North Carolina, within this District.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

11.      Defendant's standardized policy language as to comprehensive and collision coverage for ACV of total loss vehicles is present in every auto policy issued by the Defendant in North Carolina.

12.      In the case of a total loss ACV includes an obligation to pay Sales Tax, Vehicle

3

Title, and Registration Fees for total loss vehicle comprehensive and collision coverage (full total loss payment or FTLP).

13.     At all times material hereto, Plaintiff owned a 1998 FORD Crown Victoria LX with VIN 2FAFP74W9WX138696 ("Insured Vehicle").

14.     At all times material hereto, Plaintiff insured the vehicle under an "Insurance Policy" issued by Defendant.  Plaintiff's policy is affixed hereto as <u>Exhibit A</u>.

15.     On or about May 3, 2018, Plaintiff was involved in an accident while operating the Insured Vehicle.  As a result of said accident, Plaintiff filed a claim for property damage with Defendant, claim number 060340589-0107-107.

16.     Following the filing of said claim, Defendant determined that the Insured Vehicle was a total loss with a base value of $3,952.00.

17.     The base value was calculated by a third-party vendor ("CCC"), which bases vehicles valuations on the cost to purchase similar vehicles with similar conditions and mileage, which produced the CCC Market Valuation Report, attached hereto as <u>Exhibit B</u>.

18.     No amount for the Sales Tax, Vehicle Title, and Registration Fees was included in the base value listed in the CCC Market Valuation Report. Ex. B.  Only the Sales Tax of $114.21, but not the Vehicle Title and Registration Fees was included in the total value in the CCC Market Valuation Report, but Defendant subtracted that Sales Tax amount of $114.21 and did not include it in the final payment.

19.     Notably, the CCC Market Valuation Report stated that, "The total may not represent the total of the settlement as other factors (e.g. license and fees) may need to be taken into account." Ex. B.

20.     Relying on the CCC Valuation Report, Defendant subtracted the deductible of

$500.00 for a net total payment of $3,094.50, which did not include Sales Tax, Vehicle Title, and Registration Fees.

21.     The failure to include full Sales Tax, Vehicle Title, and Registration Fees in making the total loss payment is a breach of the Insurance Policy, which promises to provide the full value of the total loss vehicle, including transfer fee amounts.

22.     Defendant, pursuant to its standard and uniform business practice, never pays insureds' Sales Tax, Vehicle Title, and Registration Fees after a total loss to an insured vehicle.

23.     Defendant's failure to pay Sales Tax, Vehicle Title, and Registration Fees constitutes a breach of the Insurance Policy.

24.     Sales Tax, Vehicle Title, and Registration Fees are all mandatory applicable fees that must be paid to purchase any vehicle in the State of North Carolina.

25.     North Carolina collects a 3% sales tax on the purchase of all vehicles, to a maximum of $475.

26.     North Carolina law requires that all vehicles be properly titled and registered in order to be legally driven on North Carolina roadways. The fee to transfer title to a vehicle is, at minimum, $52.00, and an "instant title" fee of $98.00.

27.     North Carolina law requires that all vehicles have proper license plate (or tag) in order to be legally driven on North Carolina roadways. The fee to transfer license plate or tag is no less than $20.

28.     Plaintiff was owed Sales Tax, Vehicle Title, and Registration Fees which Defendant never paid.

29.     In breach of its contract with Plaintiff, Defendant did not include Sales Tax, Vehicle Title, and Registration Fees in making the ACV payment for Plaintiff's total loss.

5

30.     In doing so, Defendant underpaid Plaintiff in the amount of the mandatory costs inherent to securing a replacement vehicle, thereby violating the Insurance Policy.

31.     Plaintiff and all members of the putative class paid all premiums owed and otherwise satisfied all conditions precedent, or such conditions precedent were waived or excused.

## THE GEICO INDEMNITY COMPANY POLICY

32.     Plaintiff's Insurance Policy, which is representative of the policy language governing the insureds in the putative class, under the section entitled "PART D – DAMAGE TO YOUR AUTO", states that Defendant "will pay for direct and accidental loss to **your covered auto** or any **non-owned auto**, including their equipment." Ex. A at 15 (emphasis in original).

33.     The "covered auto" is defined as any vehicle shown in the Declarations, attached hereto as <u>Exhibit C</u>.

34.     In "Part D" of the insurance policy, "Damage to Your Auto", under a subsection entitled "Limit of Liability", Defendant states, in relevant part, that the "limit of liability will be the lesser of the:

    1.     Actual cash value of the stolen or damaged property; or

    2.     Amount necessary to repair or replace the property with other property of like kind and quality**.**

    This amount does not include any reduction in the value of the property after it has been repaired, as compared to its value before it was damaged.

Ex. A at 17.

35.     ACV is not specifically defined in the policy.

36.     Thus, the policy language does not further define ACV as including: (1) any provision excluding Sales Tax, Vehicle Title, and Registration Fees from ACV; or (2) any provision deferring payment of Sales Tax, Vehicle Title, and Registration Fees for any purpose

6

whatsoever.

37.     The policy language applies to all covered autos irrespective of ownership interests - whether owned, financed or leased. Ex. A at 43-47.

## PAYMENT OF MANDATORY FEES

38.     Courts throughout the country have recognized that "actual cash value", when undefined in an insurance policy, should be defined as the repair or replacement cost minus depreciation – a definition which would include fees necessarily incurred upon replacement of the insured vehicle, including Sales Tax, Vehicle Title, and Registration Fees.

39.     Sales Tax, Vehicle Title, and Registration Fees are examples of elements constituting the FTLP owed to insureds in the event of a total loss.

40.     By operation of law and in the view of a reasonable insured, Defendant's policy promises to provide costs to be incurred upon replacement of the vehicle.  Otherwise, the Defendant's insureds, including Plaintiff, are not paid the amount sufficient to purchase a replacement vehicle.

41.     Nevertheless, Defendant declines to include Sales Tax, Vehicle Title, and Registration Fees in making ACV payment to total loss insureds thereby breaching its contracts with insureds.

## CLASS ALLEGATIONS

42.     Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.  This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Rule 23.

43.     Plaintiff seeks to represent on a class-wide basis all persons similarly situated, the class ("Class") defined as follows:

7

All insureds, under any North Carolina policy issued by Geico Indemnity Company with the same operative policy language covering a vehicle with private-passenger auto physical damage coverage for comprehensive or collision loss where such vehicle was declared a total loss, who made a first-party claim for total loss, and whose claim was adjusted as a total loss, within the three-year time period prior to the date on which this lawsuit was filed until the date of class certification, who were not paid sales tax, vehicle title, and/or registration fees.

44.     Excluded from the Class are Defendant, its subsidiaries and affiliates, its officers, directors and member of their immediate families and any entity in which Defendant has a controlling interest, the legal representatives, heirs, successors or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

45.     Plaintiff reserves the right to modify or amend the definition of the proposed Class and/or to add subclasses if necessary before this Court determines whether certification is appropriate.

**A. <u>Numerosity</u>**

46.     Although the precise number of Class members are unknown to Plaintiff at this time and can only be determined through appropriate discovery, Plaintiff believes that because Defendant is one of the largest motor vehicle insurers in the State of North Carolina and writes hundreds of millions of dollars of private-passenger physical damage coverage premiums, the Class of persons affected by Defendant's unlawful practice consists of thousands of individuals or the Class of persons affected are otherwise so numerous that joinder of all Class members is impractical.  The unlawful practice alleged herein is a standardized and uniform practice, employed by Defendant pursuant to standardized Insurance Policy language, and results in the retention by Defendant of insurance benefits properly owed to Plaintiff and the Class members. The Class definition will permit the court to reasonably ascertain whether any individual or entity

is a member of the Class as any individual who is an insured of Defendant in the Class period and received an ACV that did not include Sales Tax, Vehicle Title, and Registration Fees will be a member of the Class.

47. Upon information and belief, Defendant uniformly fails to pay Sales Tax, Vehicle Title, and Registration Fees in total loss cases. Accordingly, the Class consists of many thousands, if not tens of thousands, of Defendant's insureds who were not paid in violation of their insurance policies. Thus, pursuant to, the large size of the Class renders the Class so numerous that joinder of all individual members is impracticable.

**B. Commonality**

48. Common questions of law and fact predominate in this matter because Defendant's conduct towards the members of the Class is identical. Defendant uniformly fails to pay Sales Tax, Vehicle Title, and Registration Fees in total loss cases.

49. Plaintiff shares a common interest with all members of the putative Class in the objects of the action and the relief sought.

50. Plaintiff satisfies the commonality requirement because her claims arises from a practice which Defendant's applies uniformly to all its similarly situated Class members and are based on the same legal theories as all other members of the putative Class, that failing to pay Sales Tax, Vehicle Title, and Registration Fees in total loss cases violates the uniform insurance policies. Because Defendant's conduct was uniform as to all Class members, the material elements of Plaintiff's claims and those of absent Class members are subject to common proof, and the outcome of Plaintiff's individual actions will be dispositive for the Class. The common questions include, but are not limited to, the following: (a) whether, under the Defendant's standardized policy language, Plaintiff and the Class members are owed ACV Sales Tax, Vehicle Title, and

9

Registration Fees upon the total loss of an insured vehicle; (b) whether the Defendant has breached its insurance contracts with the Plaintiff and the Class members by failing to pay ACV Sales Tax, Vehicle Title, and Registration Fees upon the total loss of an insured vehicle.

**C. Typicality**

51.     Plaintiff's claims are typical of the claims of all other members of the Class because all such claims arise from the Defendant's failure to pay Sales Tax, Vehicle Title, and Registration Fees on total loss claims of insured vehicles.

52.     Plaintiff's and Class members' legal claims arise from the same core practices, namely, the failure to pay full ACV, including Sales Tax, Vehicle Title, and Registration Fees, for first-party total loss claims. The material facts underlying the claims of each putative Class member are the same material facts as those supporting the Plaintiffs claims alleged herein and require proof of the same material facts.

**D. Adequacy**

53.     Plaintiff can and will adequately represent the putative Class and her interests are common to, and coincident with, those of all absent Class members. By proving her individual claims, Plaintiff will necessarily prove the claims of the putative Class and prove Defendant's liability to the Class. Plaintiff has no known conflicts of interest with any members of the Class; her interests and claims are not antagonistic to those of any other Class members; nor are her claims subject to any unique defenses.

54.     The representative Plaintiff therefore can and will fairly and adequately protect and represent the interests of the Class.

55.     Plaintiff's counsel Kopelowitz Ostrow Ferguson Weiselberg Gilbert; Edelsberg Law P.A., Shamis & Gentile, P.A., and the Van Winkle Law Firm have extensive experience in

complex commercial litigation, class actions, and have adequate financial resources to ensure that the interests of the Class will not be harmed.

56.     If appointed Class representative, Plaintiff is aware of, and is committed to, faithfully uphold her fiduciary duties to absent Class members. Plaintiff and her counsel are committed to the vigorous prosecution of this action and will allocate the appropriate time and resources to ensure that the Class is fairly represented.

57.     Plaintiff and her counsel will therefore fairly and adequately assert and protect the interest of the Class.

### E.  Predominance and Superiority

58.     A class action provides a fair and efficient method for the adjudication of this controversy. Class treatment is a superior form of adjudication than the prosecution of individual claims and provides a substantial benefit to the court and litigants by avoiding a multiplicity of suits, and the risk of inconsistent results.

59.     Because Defendant's conduct was uniform with respect to all prospective Class members, common questions of law and fact predominate over individual questions.

60.     Because the Class encompasses many thousands of claims (if not tens of thousands of claims), a single, state-wide class action is plainly more efficient than many thousands of individual law suits, each requiring the same discovery and proofs. Given the relatively small amount of the claim(s) of each putative Class member, it is likely that absent class representation, such claims would not be brought, and the Class would never have appropriate redress for Defendant's improper conduct. A class action is superior and more efficient to other available methods for the fair and efficient adjudication of this controversy.

61.     Class treatment ensures uniformity and consistency in results, enables the many

11

small claims of Class members as well as claims for class-wide declaratory relief to be brought efficiently, and will provide optimum relief to Class members for their past and future injuries, as well as deter Defendant and other similar businesses from engaging in such wrongful conduct in the future.

62.     In addition, the expense and burden of individual litigation effectively makes it a practical impossibility for individual Class members to seek redress for the wrongs alleged herein.

63.     The advantages of maintaining this action as a class suit far outweigh the expense and waste of judicial effort that would result from thousands of separate adjudications or the unfairness of none at all, which is the likely outcome if the small individual claims at issue are not aggregated as a Class.

64.     There are also no unusual difficulties likely to be encountered in the maintenance of this action as a class suit, and this Court can effectively manage the class action.

65.     The Class is not so large that it would be unmanageable, and no difficulties are foreseen providing notice to individual claimants because Defendant keeps records of insurance policies and claims of prospective Class members during the class period, including records of total loss vehicles. Therefore, both the membership of the Class and the amount of individual damages is readily ascertainable from Defendant's records.

## F.     Declaratory Relief Under Rule 23

66.     Class treatment is warranted because Defendant has acted or refused to act on grounds generally applicable to all the members of the Class, thereby making final declaratory relief concerning the Class as a whole appropriate.

67.     Because declaratory relief is sought, class treatment ensures uniformity and consistency in results, enables the many small claims of Class members as well as claims for class-

wide declaratory relief to be brought efficiently, and will provide optimum relief to Class members for their past and future injuries, as well as deter Defendant and other similar businesses from engaging in such wrongful conduct in the future.

68.     Because Defendant has acted consistently towards all members of the Class, declaratory relief is appropriate with respect to both the Class and Plaintiff's claims and is likewise subject to common proof and adjudication.

69.     Based on the foregoing, class treatment is the most fair and efficient form of adjudication for this matter.

70.     Plaintiff has retained the undersigned counsel and has agreed to pay reasonable attorney's fees and costs.  Plaintiff for herself and the putative Class is entitled to recovery attorney's fees pursuant to G.S. § 6-21.1 and taxable costs pursuant to G.S. § 6-21.1.

<u>COUNT I</u>
<u>BREACH OF CONTRACT</u>

71.     The allegations in paragraph 1 through 70 are hereby incorporated by reference.

72.     This count is brought by Plaintiff on behalf of herself and on behalf of all members of the Class.

73.     Plaintiff was party to a contract, the Insurance Policy, with Defendant as described herein.  See <u>Exhibit A</u>.  All members of the Class are or were parties to an Insurance Policy contract with Defendant containing materially identical terms.

74.     North Carolina law governs the interpretation and construction of insurance policies of Plaintiff and all members of the Class with Defendant.

75.     Plaintiff and all members of the Class made claims determined by Defendant to be first party total losses under the Insurance Policy and determined by Defendant to be covered claims.

13

76.     Defendant, in paying the total loss claim, determined that Plaintiff and each Class Member complied with the terms of their insurance contracts, and fulfilled all duties and conditions under the insurance policies necessary to be paid on the total loss.

77.     Pursuant to the aforementioned uniform contractual provisions, upon the total loss of insured vehicles, the Plaintiff and every Class member were owed the ACV of the vehicle.

78.     Defendant breached that obligation by failing to include Sales Tax, Vehicle Title, and Registration Fees in the ACV for the FTLP, thereby failing to pay the vehicle's ACV to Plaintiff and every Class member.

79.     Defendant's failure to provide the promised coverage constitutes a material breach of contracts with Plaintiff and every Class member.

80.     As a result of said breaches, Plaintiff and the Class members are entitled under Defendant's insurance policies to sums representing the benefits owed for full ACV payment, including Sales Tax, Vehicle Title, and Registration Fees, as well as prejudgment and post-judgment interest, and other relief as is appropriate.

## COUNT II
## DECLARATORY RELIEF

81.     The allegations in paragraph 1 through 70 are hereby incorporated by reference.

82.     This count seeks declaratory relief pursuant to G.S. § 1-253, *et seq*.

83.     This count is brought by Plaintiff on behalf of herself and all members of the Class.

84.     Plaintiff was party to a contract, the Insurance Policy, with Defendant as described herein.  See Exhibit A.  All Class Members were parties to an Insurance Policy contract with Defendant containing materially identical terms.

85.     North Carolina law governs the interpretation and construction of Plaintiff and all Class members' insurance policies with Defendant.

86.     Plaintiff seeks a declaratory judgment that an insured is entitled to Sales Tax, Vehicle Title, and Registration Fees in a FTLP to pay a vehicle's ACV under the insurance policies that govern Plaintiff's and the Class members' contractual relationships with Defendant.

87.     Plaintiff contends Defendant is required to pay Sales Tax, Vehicle Title, and Registration Fees in a FTLP to pay a vehicle's ACV under the insurance policies that govern Plaintiff and the Class members relationship with Defendant.

88.     Defendant disagrees with Plaintiff's interpretation of the Insurance Policy.

89.     Because of Defendant's claim to the contrary, Plaintiff is in doubt as to her rights under the Insurance Policy.

90.     The above allegations present ascertained or ascertainable facts of a present controversy between Plaintiff and Defendant as to entitlement to the Sales Tax, Vehicle Title, and Registration Fees.

91.     The above allegations reflect that Plaintiff has presented a justiciable question as to the existence of her right to the Sales Tax, Vehicle Title, and Registration Fees.

92.     All antagonistic and adverse interests, namely Plaintiff and Defendant and the Class when certified, are before this Court by the filing of this count.

93.     Pursuant to G.S. § 1-253, *et seq.*, Plaintiff is entitled to a declaration of her right to the Sales Tax, Vehicle Title, and Registration Fees to resolve her doubt about her rights under the Insurance Policy considering the Defendant's position otherwise.

94.     Upon the Court granting Plaintiff the declaratory relief requested herein, Plaintiff will move the Court pursuant to G.S. § 1-259 for supplemental relief in the form of an order directing that the Sales Tax, Vehicle Title, and Registration Fees be paid to Plaintiff, and the Class, if certified, as well as a judgment for prejudgment interest and post-judgment interest, as the Sales

Tax, Vehicle Title, and Registration Fees represents a liquidated amount.

## RELIEF REQUESTED

WHEREFORE, the Plaintiff, individually and on behalf of the Class, demands a trial by jury on all triable issues and seeks relief and judgment as follows:

1.    For an Order certifying this action as a Class Action on behalf of the Class described above;

2.    For an award of compensatory damages for the Class in amounts owed under the Policies;

3.    For declaratory relief to be entered for Plaintiff and the Class that her interpretation of the Insurance Policy is correct, thereby requiring Defendant to pay Sales Tax, Vehicle Title, and Registration Fees;

4.    For all other damages according to proof;

5.    For an award of attorney's fees and expenses as appropriate pursuant to applicable law;

6.    For costs of suit incurred herein;

7.    For pre and post judgment interest on any amounts awarded;

8.    For other and further forms of relief as this Court deems just and proper.

16

Dated: May 2, 2019

Respectfully submitted,

*s/David M. Wilkerson*
David M. Wilkerson
NC State Bar #35742
The Van Winkle Law Firm
11 N. Market Street
Asheville, NC 28801
Telephone: 828-258-2991
Email: dwilkerson@vwlawfirm.com

**KOPELOWITZ OSTROW
FERGUSON WEISELBERG GILBERT**

Jeff Ostrow, Esq. (*pro hac vice* to be filed)
Florida Bar No. 121452
ostrow@kolawyers.com
Daniel Tropin, Esq. (*pro hac vice* to be filed)
Florida Bar No. 100424
tropin@kolawyers.com

Jonathan Streisfeld, Esq. (*pro hac vice* to be filed)
Florida Bar No. 117447
streisfeld@kolawyers.com
Josh Levine, Esq. (*pro hac vice* to be filed)
Florida Bar No. 91807
levine@kolawyers.com
1 W. Las Olas Blvd.
Suite 500
Fort Lauderdale, Florida 33301
Telephone: 954-449-4602

**EDELSBERG LAW, PA**

Scott Edelsberg, Esq. (*pro hac vice* to be filed)
Florida Bar No. 0100537
scott@edelsberglaw.com
19495 Biscayne Blvd #607
Aventura, FL 33180
Telephone: 305-975-3320

17

**SHAMIS & GENTILE, P.A.**

Andrew Shamis, Esq. (pro hac vice application forthcoming)
14 N.E 1st Ave Ste. 1205
Miami, FL 33132
Telephone: 305-479-2299
ashamis@shamisgentile.com

*Counsel for Plaintiff*